## IN RE THE AMERICAN TRANSPORTATION AND NAVI-GATION COMPANY.

1. By an act of incorporation the power to acquire lands by condemnation was conferred upon the company thereby incorporated, subject to a proviso that in no case should it be authorized to condemn or take possession of the land or property of any other corporation existing under the laws of this state.  *Held*—

   1. That the restriction upon the power to condemn lands of other corporations, was not confined to lands of corporations existing at the passage of the act.

   2. That another corporation, which acquired lands after the first corporation had filed a survey thereof according to the requirements of the act, but before any petition for the appointment of commissioners had been presented, may claim exemption from condemnation under the proviso.

2. Whether lands acquired by another corporation after presentation of a petition for condemnation, but before the condemning corporation had acquired the right to possession, would be protected from condemnation by the proviso—*quære.*

---

The American Transportation and Navigation Company presented to Mr. Justice Dixon a petition for the appointment of commissioners to appraise the value of certain lands in Bergen county, which it sought to condemn under its act of incorporation and (what the petition calls) the general public law of the state.

A time and place having been fixed for hearing, the justice refused to appoint, on the ground that the applying company had no right to condemn the lands to the extent set forth in the petition.

The company now applies for a *mandamus*, directing the justice to make the appointment.

Argued at February Term, 1895, before Justices VAN SYCKEL, MAGIE and GARRISON.

·For the applicant, *John Linn* and *Cortlandt Parker.*

For the New York, Susquehanna and Western Railroad Company, *John W. Griggs.*

The opinion of the court was delivered by

MAGIE, J.   The right of the American Transportation and Navigation Company, the applicant and proposed relator, to have commissioners appointed upon its petition, is disputed by the New York, Susquehanna and Western Railroad Company, which will be called the respondent.

It sufficiently appears that respondent is and was, at the time applicant's petition was presented, the owner of the lands which were sought to be condemned.   Its contention is that applicant is not empowered to condemn such lands.

Applicant was incorporated under the name of "The Hudson Towage Company," by an act approved April 4th, 1873.   *Pamph. L., p.* 1444.   By a subsequent act its name was changed to that above set forth.   Under the provisions of the act first mentioned, applicant claims the right to exercise the power of eminent domain for the purposes for which it was incorporated.

The petition indicates that the lands in question are sought to be condemned for other purposes than those included in the act of incorporation.   Applicant maintains its right to condemn for such additional purposes upon the provisions of a supplement to the Corporation act, approved May 28th, 1890.   *Pamph. L., p.* 403.

Respondent's claim, that its lands are not subject to the condemnation sought by this petition, is, however, based alone upon the terms of the proviso to section 9 of the act of April 4th, 1873, which proviso reads thus: "Provided, that in no case shall this company be authorized to condemn or take possession of the land or property of any other corporation existing under the laws of this state, but shall have the right of access across the same, doing no unnecessary damage to the lands of such corporation or interference with the business thereof, and such damage, if any, shall be ascertained and paid in the manner hereinbefore provided."

In response to this claim, applicant first contends that the terms of the proviso do not apply to the case, upon the ground

that the proviso relates only to corporations which were in existence when the act of 1873 became law.

If this construction of the proviso be admissible, there would be difficulty in disposing of the case, for it has not been made to appear when the corporate existence of respondent began.

But, in my judgment, the construction contended for is wholly inadmissible. The class of corporations whose lands are protected by the proviso is designated by the description " existing under the laws of this state." This description applies with entire accuracy to any corporation created by this state, whether the date of its creation was prior or subsequent to the passage of the law of 1873. To give to the proviso the force contended for, the legislature would have indicated the class of corporations it intended to exempt by the phrase " now existing under the laws of this state," or by a like limited description. The description, being without any such limitation, must be held to indicate an intent to include all corporations to which it applies within the exemption of the proviso.

But applicant further contends that the lands in question are not affected by the proviso, because they were acquired by respondent after applicant had commenced proceedings to condemn them.

The language of the proviso is very broad. It forbids applicant either to condemn or to take possession of the lands of another corporation. By section 7 of the same act the right to take possession of lands condemned accrues to applicant only upon payment or tender of the damages awarded by commissioners. It seems strongly to justify the contention that if, during the pendency of a proceeding to condemn instituted by applicant, and before award and the payment or tender of the sum awarded, and consequently before any right of possession had accrued, another corporation had acquired the lands, they would be protected by the proviso. Nor is this contention met by pointing out the inconvenience which applicant might suffer upon such a construction. The legislature could annex to its grant of eminent domain any quali-

fication or restriction it chose, and the recipient of the grant must take it *cum onere.*

But it is unnecessary to settle in this case whether respondent could claim the exemption of its lands from the condemnation sought, if it had acquired them after applicant had presented its petition and given notice of its intention to apply for the appointment of commissioners to make an award, for it appears that respondent had acquired the lands before the petition was presented.

The sole claim of applicant is that respondent cannot invoke the protection of this proviso, because it acquired title to the lands after applicant had filed in the office of the secretary of state a "map and description" of these lands as selected and required by it.

By section 7 of its act of incorporation, applicant is required to file a survey in that office of lands which it desires to use for its purposes. Assuming that the petition sufficiently shows a compliance with the act in that respect, and that a survey was duly filed before respondent acquired title, the question is whether respondent, having acquired title before a petition for condemnation was presented, may hold the lands free from condemnation by applicant.

I have reached the conclusion that the mere filing of the survey could not have the effect contended for. If applicant's power to condemn had been conferred without limitation, it may be that respondent, under such circumstances, could not resist the condemnation of its lands, as was held in the Court of Chancery by Browning, master. *Morris and Essex Railroad Co.* v. *Blair*, 1 *Stock.* 646. But applicant's power to condemn is expressly limited, and is not operative upon lands of another corporation. The filing of a survey is doubtless an indispensable prerequisite to condemnation, and fixes what may be condemned, but it is not condemnation. If what has been fixed for possible condemnation becomes, before actual condemnation, or at least before the commencement of proceedings indicating an intent to condemn of which the owner has notice, subject to the exemption of the proviso under review,

the power to condemn it has been lost. Any other construction would permit applicant to cover the territory in which it can operate with surveys, and no corporation could acquire title to lands surveyed except subject to being deprived of it by condemnation.

The result is, the appointment was rightly refused, and the *mandamus* must be denied.

It is proper to say that we are not called on to determine whether applicant can acquire by condemnation what the proviso calls a "right of access across" lands of respondent, for the petition seeks to condemn more.

Whether or not the purposes for which applicant was incorporated by the act of 1873 are of a public nature, so as to justify a grant of the right of eminent domain; whether the general act of 1890, under which it claims, confers on applicant any additional corporate powers, and whether, if so, applicant may exercise the right of eminent domain to enable it to use such powers, are questions presented on the face of the case, but they were not argued and have not been considered.